JUDGE CARTER

14 CV 7763

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

KELVIN GARCIA,

                  Plaintiff,

-v-

THE CITY OF NEW YORK, New York City Police Department Officer ("P.O.") P.O. EDGARDO ORTIZ (Shield No. 12349) and P.O. MATTHEW ESCUDERO, (Shield No. 26192), in their individual capacities,

                  Defendants.

------------------------------------------------------------------x

COMPLAINT AND DEMAND FOR A JURY TRIAL

Index No.



RECEIVED
SEP 25 2014
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff KELVIN GARCIA, through his attorney Mark C. Taylor of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff KELVIN GARCIA's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

## PARTIES

6. Plaintiff KELVIN GARCIA ("GARCIA") is and was at all times relevant to this action, a resident of New York County in the State of New York.

7. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

8. New York City Police Department Officer ("P.O.") EDGARDO ORTIZ ("ORTIZ") and P.O. MATTHEW ESCUDERO ("ESCUDERO") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

9. The individual defendants are being sued in their individual capacities.

10. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

11. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

12. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

13. On January 15, 2012, at approximately 2:00 a.m., KELVIN GARCIA was unlawfully arrested by P.O. ORTIZ and P.O. ESCUDERO in front of 2083 Jerome Avenue in Bronx County in the State of New York.

14. Mr. Garcia was driving two of his friends when he was pulled over by P.O. ORTIZ and P.O. ESCUDERO.

15. P.O. ORTIZ and P.O. ESCUDERO ordered Mr. GARCIA and the other occupants out of the car.

16. P.O. ORTIZ asked Mr. GARCIA whether he had any weapons on him and Mr. GARCIA volunteered that he had a small folding knife in his back pocket.

17. P.O. ORTIZ removed a small legal common folding knife from Mr. GARCIA's back pants pocket.

18. Mr. GARCIA used the knife for his work as a delivery truck driver for "God's Love We Deliver" a non-profit that provides "nutritious, freshly prepared meals and nutrition

counseling to people living with HIV/AIDS, cancer, Alzheimer's disease, and other life-altering illnesses, who cannot shop or cook for themselves."

19. Without inspecting the knife, P.O. ORTIZ immediately handcuffed Mr. GARCIA.

20. Any reasonable officer would have inspected the knife to determine whether it was legal or illegal under the penal law and administrative code, and found that the knife possessed by Mr. GARCIA did not violate any provisions of either the penal law or administrative code.

21. P.O. ORTIZ, aided by P.O. ESCUDERO then handcuffed and arrested Mr. GARCIA and transported him the 46th Precinct Stationhouse.

22. Upon information and belief, at the stationhouse, P.O. ORTIZ opened a toolbox that was in the trunk of Mr. GARCIA's car

23. The toolbox and its contents were used by Mr. GARCA for his work at "God's Love We Deliver."

24. Upon information and belief, PO ORTIZ removed a second legal common folding knife that Mr. GARCIA used for work from the toolbox.

25. P.O. ORTIZ swore out a criminal complaint against Mr. GARCIA which contained several false statements.

26. P.O. ORTIZ swore that he saw two gravity knives in the center console of Mr. GARCIA's vehicle.

27. Mr. GARCIA's vehicle, a 2007 Chevrolet Impala, which was formerly a police vehicle, does not have a center console where knives could be placed.

28. Further, one knife was in Mr. GARCIA's back pocket at the time of his arrest, and the other was inside of a toolbox in the trunk of Mr. GARCIA's vehicle at the time of his arrest.

29. Additionally, as discussed above, neither knife had the characteristics of a gravity knife.

30. Mr. GARCIA was held in custody and then released with a Desk Appearance Ticket.

31. Mr. GARCIA was charged with Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01(1), requiring plaintiff to come to court several times during the course of the following months.

32. The charge was adjourned in contemplation of dismissal on October 24, 2013.

33. As a result of his handcuffing and arrest, Mr. GARCIA experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; and (f) failure to intervene against P.O. ESCUDERO

36. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, arresting individuals in possession of legal common folding knives.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. EDGARDO ORTIZ and P.O. ESCUDERO, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants, concerning the proper parties who may be arrested.

40. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

42. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
September 23, 2014

Respectfully submitted,

By: _____
Mark C. Taylor
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507